# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARRY AHURUONYE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-531D-14-0587-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>　　　　　Agency. | DATE: December 29, 2014 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Barry Ahuruonye, Hyattsville, Maryland, pro se.

Josh C. Hildreth, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging the agency's failure to grant him a scheduled within-grade increase (WIGI). For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision, GRANT the appellant's WIGI, and, as set forth below, REMAND the case to the regional office for further adjudication of the appellant's affirmative defenses.

¶2 On July 9, 2013, the agency denied the appellant's WIGI to step 2 in his position as GS-12 Grants Management Specialist, retroactive to December 2, 2012. On appeal, a Board administrative judge reversed the action, finding that the agency had failed to provide the appellant with a performance rating prior to denying his WIGI. She ordered the agency to award the appellant the WIGI. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-531D-13-1273-I-1, Initial Decision at 2, 11 (Feb. 28, 2014). That decision became the Board's final decision on April 4, 2014, when neither party filed a petition for review.

¶3 Shortly thereafter, the appellant filed a new appeal claiming that the agency had again improperly denied his WIGI, presumably to step 3. Initial Appeal File (IAF), Tab 1. He alleged that the agency's action was due to discrimination based on race and was in retaliation for his protected equal employment opportunity (EEO) activity. *Id.* at 4, 8, 36-37, 45. He declined a hearing. *Id.* at 2.

¶4 In response, the agency moved that the appeal be dismissed for lack of jurisdiction. *Id.*, Tab 4. The agency argued, and submitted evidence to show, that, on October 17, 2013, the appellant's supervisor had issued him an Employee Performance Appraisal Plan for Fiscal Year (FY) 2013 that he refused to sign, and that, on or about May 1, 2014, she issued him a Summary Rating of "Minimally Successful" based on his having been rated "Minimally Successful" in each of his three critical elements. *Id.* at 29, 33, 35, 39. The appellant disputed the rating, acknowledging only that he had received it on May 8, 2014. *Id.* at 29. His supervisor advised him that she considered their discussion of that same day to be his informal request for reconsideration of the rating, *id.* at 62, and, on May 12, 2014, she notified him that she would not change the rating, although she informed him that he could proceed to a formal reconsideration of

the rating through the Human Resources Office by submitting a written request to a named Employee Relations Specialist, *id.* at 85. The appellant did not seek formal reconsideration of his rating. The agency further argued that, because the appellant failed to formally request reconsideration of his FY 2013 rating, the Board lacked jurisdiction over his appeal. *Id.* at 4, 7. On the same basis, the administrative judge ordered the appellant to file evidence and argument establishing the Board's jurisdiction over his appeal. *Id.*, Tab 5. In response, the appellant challenged the agency's motion, arguing, inter alia, that the action at issue was taken in retaliation for his having disclosed to his first and second-line supervisors malfeasance in grant awards.[2] *Id.*, Tab 6. In a subsequent pleading, the appellant also renewed his claims of discrimination and retaliation for protected EEO activity.[3] *Id.*, Tab 9.

¶5    The administrative judge dismissed the appellant's appeal for lack of jurisdiction. *Id.*, Tab 13, Initial Decision (ID) at 1, 6. She found that the agency's initial decision to deny the appellant's WIGI and its refusal to change his performance rating do not constitute actions appealable to the Board as it is only the affirmance of an agency's decision to deny a WIGI upon a request for reconsideration that is appealable to the Board. ID at 4. She acknowledged that the Board may assert jurisdiction under circumstances where the agency acted unreasonably in failing to issue an initial decision on the appellant's WIGI or in refusing to act on a request for reconsideration of that decision, but she found that preponderant evidence did not support a finding that the agency did either.[4] ID at 5-6.

---

[2] On July 22, 2014, the Board docketed the appellant's individual right of action appeal against the agency. *Ahuruonye v. Department of the Interior*, MSPB Docket No. DC-1221-14-0911-W-1. That matter is pending in the Board's Washington Regional Office.

[3] The administrative judge did not provide the appellant notice of his burdens of proof as to these affirmative defenses.

[4] The administrative judge did not address the appellant's affirmative defenses.

¶6    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1; the agency has responded in opposition, *id.*, Tab 4; and the appellant has filed a reply thereto, *id.*, Tab 5.

¶7    A WIGI may be denied if an employee is not performing at an acceptable level of competence.  5 U.S.C. § 5335(a).  To be rated at an acceptable level of competence, an employee's performance must be at least Fully Successful or the equivalent.  When a determination is made that the work of an employee is not of an acceptable level of competence to warrant a WIGI, the employee is entitled to prompt written notice of that determination and an opportunity for reconsideration of that determination within his agency under uniform procedures prescribed by the Office of Personnel Management (OPM).  If the determination to deny a WIGI is affirmed on reconsideration, the employee is entitled to appeal that decision to the Merit Systems Protection Board.  5 U.S.C. § 5335(c).

¶8    Under regulations promulgated by OPM to effectuate this statute, when a supervisor determines that an employee's performance is not at an acceptable level of competence, the negative determination shall be communicated to the employee in writing and shall set forth the reasons for the determination and the respects in which the employee must improve his performance in order to be granted a WIGI, and it shall inform the employee of his right to request reconsideration of the determination.  5 C.F.R. § 531.409(e)(2).

¶9    Here, the agency relied upon the Minimally Successful performance rating it provided to the appellant in 2014 to support the denial of his WIGI, and the administrative judge appeared to have no issue with such reliance.  ID at 4. While it is true that a determination to withhold a WIGI shall be based on a current rating of record, 5 C.F.R. § 531.409(b), the regulations do not suggest, and we discern no support for finding, that such a rating, even if less than Fully Successful, obviates an agency's need to issue an employee a negative determination as to his level of competence, as set forth in OPM's regulations, 5 C.F.R. § 531.409(e)(2), when it intends to deny his WIGI.  Although the agency

did not grant the appellant a WIGI to step 3, it failed to issue him a notice, as required, that his performance was not at an acceptable level. The agency's actions regarding the appellant's performance rating do not satisfy this requirement. The Board has jurisdiction over this appeal because the appellant's failure to seek a reconsideration decision was based on the agency's failure to provide him with notice of the denial of his WIGI and the opportunity to seek reconsideration of that negative determination. *Cf. Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 453 (1992) (the Board has jurisdiction, even absent a reconsideration decision, when an agency improperly denies an appellant an opportunity for reconsideration by failing or refusing to act on a request for reconsideration).

¶10        Additionally, the Board may not sustain an agency's withholding of an employee's WIGI unless that action is supported by substantial evidence. *Chaggaris v. General Services Administration*, 49 M.S.P.R. 249, 255 (1991). Here, the agency failed to submit any of the appellant's work products that included apparent errors. *Cf. id.* at 255-56 (the appellant's performance deficiencies were described in considerable factual detail and were corroborated by the affidavits of his supervisors, providing sufficient support for the agency's determination that he was not performing at an acceptable level); *Hudson v. Department of the Army*, 49 M.S.P.R. 202, 206-07 (1991) (the agency submitted copies of documents prepared by the appellant that included apparent errors of the kind described in the performance standard, but, because that evidence covered only a fraction of the period at issue, the agency failed to present substantial evidence supporting its decision to withhold the appellant's WIGI). Here, the agency failed to issue the appellant a notice that his performance was not at an acceptable level of competence or provide him an opportunity to request reconsideration of that determination under OPM's procedures and, in addition, failed to submit any supporting evidence. Therefore, the action must be reversed.

¶11    Although we reverse the action on appeal, further adjudication is necessary to resolve the appellant's claims of discrimination and retaliation for protected activity.  *See Schibik v. Department of Veterans Affairs*, 98 M.S.P.R. 591, ¶ 11 (2005) (an appellant has the right under 5 U.S.C. § 7702(a) to a decision on a discrimination claim even when the Board has already determined that the action appealed must be reversed on other grounds).

## ORDER

We REVERSE the initial decision and direct the agency to retroactively grant the appellant's WIGI to step 3.  *See Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 11 n.6 (2013).  We also REMAND this case to the regional office for adjudication of the appellant's claims of discrimination and retaliation for protected activity.

¶12    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶14    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant

believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST** |
| --- | --- |
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)
   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.